# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COUNTY HALL INSURANCE COMPANY, INC., <br>     Plaintiff <br><br> v. <br><br> MOUNTAIN VIEW TRANSPORTATION, LLC, et al., <br>     Defendants | No. 1:21-cv-01749 <br><br> (Judge Kane) |

## MEMORANDUM

Before the Court is Plaintiff County Hall Insurance Company, Inc. ("County Hall")'s motion for default judgment (Doc. No. 9) and a motion to intervene and to strike the entry of default filed by non-parties Jacob E. Godlove, Kayla Kelley, and the Estate of Jacob Godlove Jr. ("Non-Parties") (Doc. No. 10). For the reasons discussed below, the Court will deem County Hall's motion for default judgment withdrawn for failure to comply with the Local Rules of the Middle District of Pennsylvania and deny Non-Parties' motion to intervene and to strike the entry of default.

## I. BACKGROUND

This action was initiated on October 14, 2021, with the filing of a complaint in this Court by County Hall against Defendants Mountain View Transportation, LLC ("Mountain View") and John R. Humes ("Humes"). (Doc. No. 1.) Underlying this action is a state court suit for damages stemming from an October 22, 2019 vehicle accident in which Humes, a driver employed by Mountain View, allegedly caused a two-vehicle accident that seriously injured the occupants of the other vehicle and caused one of the occupants, a pregnant woman, to go into

premature labor.  (Doc. No. 1-2 ¶¶ 12-15, 53-54.)  The child died as a result of his injuries.  (Id. ¶¶ 53-54.)[1]

In the instant action, County Hall, Mountain View's insurance provider, requests a declaratory judgment against Mountain View and Humes establishing that: (1) County Hall is not obligated to provide coverage for the October 22, 2019 accident under the policy, because Humes was not a scheduled driver; and (2) any punitive damages awarded in the underlying action are not recoverable under the policy.  (Doc. No. 1 at 10.)  County Hall asserts that service of process was complete as to Mountain View on November 4, 2021 and as to Humes on December 6, 2021.  (Doc. Nos. 9 ¶¶ 4-6, 9-3-9-4.)  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Humes and Mountain View each had twenty-one (21) days from the date of service to file an answer, which neither did.  Therefore, on February 11, 2022, County Hall requested entry of default (Doc. Nos. 7-8) and on February 22, 2022 moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) (Doc. No. 9).

Also on February 22, 2022, Non-Parties filed a motion to intervene and to strike the entry of default.  (Doc. Nos. 10-12.)   Non-Parties are the plaintiffs in the underlying state court action.  (Doc. No. 1-2.)  In response to Non-Parties' motion, County Hall filed a brief in opposition (Doc. No. 13), and Non-Parties then filed a brief in reply (Doc. No. 14).  As the Court denied County Hall's requests for further briefing (Doc. Nos. 15-17), Non-Parties' motion to intervene and to strike the default is ripe for disposition.  The Court also addresses County Hall's motion for default judgment, which has not been briefed.  (Doc. No. 9.)

---

[1] In addition to a civil suit for negligence, Non-Parties have filed a declaratory judgment action in the Franklin County Court of Common Pleas pursuant to the Pennsylvania Declaratory Judgment Act, 42 Pa. C.S. §§ 7531-7541, seeking a declaration that County Hall is responsible for any judgment against Mountain View and Humes stemming from this accident.  (Doc. No. 10-9 at 1-15.)

II.    **LEGAL STANDARDS**

    A.    **Motion to Intervene**

A non-party can file a motion to intervene in an action either as of right, under Federal Rule of Civil Procedure 24(a), or as a request for permissive intervention under Rule 24(b). See Fed. R. Civ. P. 24. A motion under Rule 24(a) requires that the movant either: (1) have been "given an unconditional right to intervene by a federal statute"; or (2) claim "an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." See id. Expounding on Rule 24(a), the Third Circuit Court of Appeals requires that a movant for intervention as of right show: (1) "a timely application for leave to intervene"; (2) "a sufficient interest in the underlying litigation"; (3) "a threat that the interest will be impaired or affected by the disposition of the underlying action"; and (4) "that the existing parties to the action do not adequately represent the prospective intervenor's interests." See Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220 (3d Cir. 2005). As to the second prong, "a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene," as is "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit." See Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 366 (3d Cir. 1995). Attempts to intervene based solely on an interest in ensuring that a party will have "sufficient resources to satisfy any judgment [the intervenors] may be able to obtain" in a related suit are generally not permitted. See Treesdale, 419 F.3d at 225 (quoting Mountain Top Condo. Ass'n, 72 F.3d at 366).

    Rule 24(b) permits anyone to permissively intervene, "[o]n timely motion" if "given a conditional right to intervene by a federal statute" or if they have "a claim or defense that shares

with the main action a common question of law or fact." See Fed. R. Civ. P. 24(b)(1)(A)-(B). Determining whether a motion for permissive intervention should be granted is within the discretion of the district court. See PA Prison Soc'y v. Cortes, 622 F.3d 215, 232 (3d Cir. 2010); Hoots v. Pennsylvania, 672 F.2d 1133, 1135-36 (3d Cir. 1982). In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(3).

### B.    Motion to Strike Default

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." See Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is a discretionary one. See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). In determining whether to set aside an entry of default, the Court must consider three key factors: (1) "whether the defendant has a meritorious defense"; (2) whether the plaintiff would be prejudiced by the decision; and (3) "whether the default was the result of the defendant's culpable conduct." See id. at 195. "Generally, courts disfavor defaults and any doubts should be resolved in favor of setting the default aside and reaching a decision on the merits." Austin v. Nugent, 3:16-cv-1567, 2016 WL 7048994, at *5 (M.D. Pa. Dec. 5, 2016).

## III.    DISCUSSION

### A.    Motion for Default Judgment

As an initial matter, the Court addresses County Hall's motion for default judgment. Local Rule for the Middle District of Pennsylvania 7.5 requires any motion filed with the Court be accompanied by a brief in support within fourteen (14) days of filing. If no brief in support is filed within that period, the Court shall deem the motion withdrawn. See L.R. 7.5. On February 22, 2022, County Hall filed a motion for default judgment against Mountain View and Humes.

(Doc. No. 9.)  Although the motion was accompanied by a number of supporting exhibits, County Hall provided no brief in support.  Nor has County Hall provided a brief in support of the motion in the four months since its filing.  Therefore, the Court must deem the motion withdrawn without prejudice to County Hall's right to refile with the required brief in support in accordance with Local Rule of the Middle District of Pennsylvania 7.5.

### B.      Motion to Intervene and to Strike Entry of Default

The Court will deny the Non-Parties' motion to intervene, because they have not established a sufficient interest in the litigation.  The Non-Parties argue that they should be permitted to intervene as of right under Rule 24(a) under the standard set out in Treesdale because: (1) they "timely filed an application for leave to intervene within one week of the Plaintiff filing the notice of default"; (2) they have a sufficient interest in County Hall's declaratory judgment action because of their participation in two related cases pending in the Court of Common Pleas of Franklin County, Pennsylvania; (3) their interests would be impaired if County Hall's motion for default judgment is granted; and (4) Mountain View and Humes cannot adequately defend themselves because they have not been assigned counsel by County Hall.  (Doc. No. 12 at 5-6.)

Unfortunately for the Non-Parties, federal law is clear that strangers to an insurance contract cannot intervene as of right in a declaratory judgment action between an insurer and their insured to establish the scope of coverage.  See Treesdale, 419 F.3d at 220-27 (holding that non-party movants who were plaintiffs in an underlying personal injury action did not have a sufficient interest under Rule 24(a) to intervene as of right in a federal declaratory judgment action between the defendant in the underlying case and their insurer).  Non-Parties have given no reason why their circumstances are distinguishable from the facts of Treesdale, the controlling

case on the issue of non-party intervention in insurance coverage disputes. Rather, they provide only a series of legally irrelevant assertions about County Hall's conduct regarding offers of mediation and the assignment of counsel to Humes and Mountain View, as well as reference to the related cases that are currently pending in the Franklin County Court of Common Pleas. (Doc. No. 12 at 2-6.) Non-Parties' arguments as to the interest prong appear to boil down to an anticipated difficulty in recovering a state-court judgment against Humes and Mountain View if County Hall obtains a favorable declaratory judgment from this Court. (Id.) It is well established that, in this situation, the would-be intervenors have a "mere economic interest in the outcome of litigation" that is "insufficient to support a motion to intervene." See Treesdale, 419 F.3d at 221 (quoting Mountain Top Condo. Ass'n, 72 F.3d at 366); see also Liberty Mut. Ins. Co. v. Pac. Indem. Co., 76 F.R.D. 656, 658 (W.D. Pa. 1977) (holding that "an interest contingent upon a favorable result in an associated lawsuit is not an interest sufficient to require intervention under Rule 24(a)"). Therefore, Non-Parties are not entitled to intervene as of right because they lack a sufficient interest in the declaratory judgment action.

In the alternative, Non-Parties argue that the Court should grant permission for intervention pursuant to Rule 24(b), on the grounds that the Non-Parties assert "a claim or defense that shares with the main action a common question of law or fact." See Fed. R. Civ. P. 24(b)(1)(B). While Non-Parties assert that this action shares questions of law with the pending Franklin County cases, they do not specify what legal issues they are referring to. (Doc. Nos. 12 at 6-7, 14.) Treesdale makes clear that an action for a declaratory judgment determining the scope of coverage under an insurance policy is legally and factually unrelated to a claim determining the insured's liability for injury in a separate case. See Treesdale, 419 F.3d at 227-28. Therefore, the Court declines to grant permission for Non-Parties to intervene in this case.

Because the Court denies the motion to intervene, it also must deny the Non-Parties' motion to set aside the entry of default. As Non-Parties' do not have an interest in this suit, and neither Mountain View nor Humes have appeared, the Court does not have good cause to set aside the default based on the three-factor test used by the Third Circuit. See Fed. R. Civ. P. 55(c); $55,518.05 in U.S. Currency, 728 F.2d at 194-95 (holding that the decision to set aside a default is a discretionary one and depends on the consideration of "whether the defendant has a meritorious defense" and "whether the default was the result of the defendant's culpable conduct").

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Non-Parties' motion to intervene and to strike the default. (Doc. No. 10.) The Court will also deem County Hall's motion for default judgment withdrawn for failure to file the required brief in support without prejudice to their right to refile the motion. (Doc. No. 9.) An appropriate Order follows.